UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

**MICHELLE KIRTON and**  Civil Action No:
**MISHARE M. KIRTON**

                            Plaintiff

                                          <u>JURY TRIAL</u>
                                          <u>DEMANDED</u>
           -against-                      <u>COMPLAINT</u>

**CITY OF NEW YORK, CITY OF NEW**
**YORK POLICE DEPARTMENT,**
**POLICE OFFICER JOHN DOES #1 and #2,**
**BEING POLICE OFFICERS OF THE CITY OF NEW YORK**
**WHOSE NAMES ARE KNOWN BY THE DEFENDANTS**
**BUT AS OF YET ARE NOT KNOWN BY THE PLAINTIFF,**


                            Defendants
-----------------------------------------------------------X

Plaintiffs by their attorney, DEVERAUX CANNICK, ESQ., AIELLO & CANNICK, complaining of the defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

## **JURISDICTION**

That at all times hereinafter mentioned, Plaintiff brings this suit for a violation of civil rights under 42 U.S.C.A. Sections 1981, 1983, 1985, 1986, and 1988 and within the United States Constitution and the laws of the State of New York and this Court has jurisdiction of this action pursuant to 28 U.S.C.A. 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 USC Section 1367.

The amount of damages in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

The venue is laid within the United States District Court for the Eastern District of New York in that the incident arose in the Eastern District of New York.

Plaintiff demands a trial by jury on each and every one of the claims pled herein.

## THE PARTIES

1. Plaintiff, MICHELLE KIRTON, resides at 40 Angevine Avenue, Hempstead, New York.

2. Plaintiff, MISHARE M. KIRTON, resides at 40 Angevine Avenue, Hempstead, New York.

3. That this action arises out of the false arrest and imprisonment, assault and battery, and the deprivation of the civil rights of the Plaintiffs by defendant police officers employed by the CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT.

4. That on January 11, 2014 and all times hereinafter mentioned, the defendant CITY OF NEW YORK was and still is a municipal entity and corporation, duly organized and existing under the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant CITY OF NEW YORK, owned, operated, and controlled a police department known as the CITY OF NEW YORK POLICE DEPARTMENT, and employed the police officers and supervisory officers therein.

6. On January 11, 2014, the CITY OF NEW YORK POLICE DEPARTMENT was and still is a municipal corporation, duly organized and existing under the laws of the State of New York.

7. In addition to the facts alleged in the following sub-paragraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County of Queens.

    a. Defendant, John Doe # 1, at all times was a police officer employed by the defendant, CITY OF NEW YORK and whose place of residence/ employment is One Police Plaza, New York, New York.

    b. Defendant, John Doe # 2, at all times was a police officer employed by the defendant, CITY OF NEW YORK and whose place of residence/ employment is One Police Plaza, New York, New York.

## NOTICE OF CLAIM

8. Plaintiffs in furtherance of their State causes of action filed a timely Notice of Claim against the CITY OF NEW YORK, in compliance with General Municipal Law Section 50. The Notice of Claim was filed on March 31, 2014.

9. Plaintiffs in furtherance of their State causes of action filed a timely Notice of Claim against the CITY OF NEW YORK POLICE DEPARTMENT, in compliance with General Municipal Law Section 50. The Notice of Claim was filed on March 31, 2014.

10. More than thirty (30) days has elapsed since the said Notices of Claim have been filed and the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT have failed to pay or adjust the claim.

11. A 50-H hearing examination of the Plaintiff MICHELLE KIRTON in advance of commencing this lawsuit was held on June 13, 2014, wherein the CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT examined the plaintiff upon oral questions.

12. A 50-H hearing examination of the Plaintiff MISHARE KIRTON in advance of commencing this lawsuit was held on September 22, 2014, wherein the CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT examined the plaintiff upon oral questions.

## FACTUAL ALLEGATIONS

13. That the defendant, CITY OF NEW YORK, its agents, servants, and/or employees operated, maintained, and controlled a police force known as the CITY OF NEW YORK POLICE DEPARTMENT.

14. That at all times hereinafter mentioned, defendants POLICE OFFICER JOHN DOES # 1 and 2 were employed by the defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT.

15. On January 11, 2014, the Plaintiff MICHELLE KIRTON, was and is a Federal Officer employed by the United States Department of Justice and was arrested under false pretenses and wrongfully imprisoned by the defendants while in the vicinity of 161-27 130 Avenue, County of Queens, City of New York, State of New York.

16. At that time, Plaintiff MISHARE KIRTON, Michelle's daughter, was also arrested under false pretense and wrongfully imprisoned by the defendants while in the vicinity of 161-27 130 Avenue, County of Queens, City of New York, State of New York.

17. On January 11, 2014, Plaintiff MICHELLE KIRTON, received a telephone call from her daughter Miesha asking Plaintiff to come to the above described location to assist her because she was being attacked.

18. Plaintiff MICHELLE KIRTON responded to the above described location and did not observe her daughter. As she called her daughter on a cellular telephone, she observed a police car in which defendants POLICE OFFICER JOHN DOES # 1 and # 2 were occupants driving in the area.

19. At that time, Plaintiff MICHELLE KIRTON spoke to the defendants POLICE OFFICER JOHN DOES # 1 and # 2 and requested assistance.

20. After speaking with the defendants POLICE OFFICER JOHN DOES # 1 and # 2, Plaintiff MICHELLE KIRTON's daughter Miesha returned to the location.

21. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 entered a building in the area of the above described location. Defendants POLICE OFFICER JOHN DOES # 1 and # 2 exited the building and immediately placed Miesha in handcuffs without informing Miesha or the Plaintiff MICHELLE KIRTON about the charges.

22. At that time, Plaintiff MICHELLE KIRTON identified herself as a Federal Officer.

23. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 refused to inform Plaintiff MICHELLE KIRTON as to the reason that her daughter was being arrested.

24. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 then asked Plaintiff MICHELLE KIRTON if they could search her vehicle. Plaintiff MICHELLE KIRTON refused.

25. Plaintiff MICHELLE KIRTON then requested that defendants POLICE OFFICER JOHN DOES # 1 and # 2 release her daughter's pocket book and allow her daughter to get medical care or call Emergency Medical Services [hereinafter EMS]. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 refused.

26. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 then physically accosted, grabbed, and touched Plaintiff MICHELLE KIRTON without permission.

27. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 then placed Plaintiff MICHELLE KIRTON in handcuffs and arrested her.

28. The defendants POLICE OFFICER JOHN DOES # 1 and # 2 refused to tell Plaintiff MICHELLE KIRTON why she was being arrested. At the time of her unlawful arrest and imprisonment, Plaintiff MICHELLE KIRTON had not committed or attempted to commit any illegal act.

29. At the time of Plaintiff's unlawful arrest and imprisonment, the defendants knew or should have known, through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment was false and without probable cause.

30. That the aforesaid arrest and imprisonment was made with knowledge of and/or negligent and/or reckless disregard of the material falseness of the criminal complaint(s).

31. The aforesaid false arrest and imprisonment caused Plaintiff to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to her reputation.

32. Plaintiff MICHELLE KIRTON was transported to a police precinct.

33. Plaintiff MISHARE KIRTON, another daughter of Plaintiff MICHELLE KIRTON arrived at the above described location.

34. Plaintiff MISHARE KIRTON then inquired of the defendants POLICE OFFICER JOHN DOES # 1 and # 2 regarding the arrest of her sister and mother.

35. At that time, defendants POLICE OFFICER JOHN DOES # 1 and # 2 placed Plaintiff MISHARE KIRTON in handcuffs and arrested her. At the time of her unlawful arrest and imprisonment, Plaintiff MISHARE KIRTON had not committed or attempted to commit any illegal act.

36. Plaintiffs were transported to a police precinct where they were denied access to a telephone and food.

37. Plaintiffs were placed in jail cells during the night. The Plaintiffs were handcuffed during portions of the night and the defendants charged Plaintiffs with the crimes of Resisting Arrest and Obstruction of Governmental Administration. The Plaintiffs were unlawfully arrested, assaulted and battered, and unlawfully imprisoned for more than twelve hours.

38. Plaintiffs retained an attorney to defend them in Court.

39. Plaintiffs were also made to be absent from work and Plaintiff MICHELLE KIRTON was removed from her post because of the unlawful arrest.

40. The charges were subsequently dismissed in their entirety with the consent of the Queens County District Attorney

41. On January 11, 2014, the defendant CITY OF NEW YORK, by virtue of and under and pursuant to the laws of the State of New York and the Charter, and

Administrative Code of the City of New York, created and operated a police department for the public benefit and protection of its citizens.

42. That at all times hereinafter mentioned, defendant POLICE OFFICERS JOHN DOES # 1 and #2 were and still are employed as police officers for the defendant CITY OF NEW YORK and acting under the color of State law and within the scope of their employment.

43. That at all times hereinafter mentioned defendant POLICE OFFICERS JOHN DOES # 1 and #2were persons who at the time and place herein mentioned, were police officers employed by the defendant CITY OF NEW YORK in the performance of their duty and authority.

44. Upon information and belief that at the times herein mentioned the defendant, CITY OF NEW YORK, its agents, servants, and/or employees operated, maintained, and controlled the aforementioned police officers.

45. On January 11, 2014, and at all times relevant to the action herein, defendant CITY OF NEW YORK POLICE DEPARTMENT employed police officers and/or detectives that were on duty and were working within the scope and course of their employment as New York City police officers for the defendants CITY OF NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

46. On January 11, 2014, and at all times relevant to the action herein, the police officers and/or detective was on duty and were acting under color of State law and within the scope of their employment for the defendant CITY OF NEW YORK POLICE DEPARTMENT.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF NEW YORK, CITY OF NEW YORK POLICE DEPARTMENT, AND DEFENDANT POLICE OFFICER JOHN DOES #1 AND #2 FOR NEGLIGENCE

47. The Plaintiff repeat and reallege each and every allegation set forth above numbered "1" to "46" inclusive with the same force and effect as if more fully set forth at length herein.

48. That said incident and the injuries resulting therefrom were caused by the negligence, carelessness, and recklessness of defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved defendant POLICE OFFICERS JOHN DOES # 1 and #2, both directly and vicariously.

49. Such negligence consisted of negligence in training, hiring, supervision and retention of the police officers/detectives involved in this incident; in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of force and the use of excessive force causing both physical and emotional injuries, discrimination, and further, deprived the Plaintiffs of their civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; failing to properly investigate their background; in failing to train and instruct police officers/detectives, especially regarding the abuse of power while in the field; in failing to give police officers/ detectives proper instructions on the use of force, use of excessive force; in failing to give police officers/ detectives proper training, more specifically with regards to their training as to the use of force or excessive force; improperly supervised police officers/detectives in the field, including the police administration, and processing of persons suspected of violation of the criminal laws of the State of New York.

50. The defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, through its agents, servants, employees, and the police officers involved, defendant POLICE OFFICERS JOHN DOES # 1 and #2, were negligent, reckless and careless in arresting the Plaintiffs without probable cause and without any reason.

51. As a result of said negligence, the Plaintiffs were caused to suffer severe physical injuries and pain and suffering, lost wages, and damage to reputation resulting in emotional and psychological distress and horror.

52. By reason of the foregoing, the Plaintiffs, demand judgment for negligence against the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, and defendant POLICE OFFICERS JOHN DOES # 1 and #2, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF NEW YORK AND CITY OF NEW YORK POLICE DEPARTMENT FOR NEGLIGENT HIRING AND RETENTION

53. The Plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "52" inclusive with the same force and effect as if more fully set forth at length herein.

54. The defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment, and training of its agents, servants, and employees and

were negligent in the hiring, training and retention of defendant POLICE OFFICERS JOHN DOES # 1 and #2, so as to allow for the unlawful and unreasonable arrest and imprisonment of the Plaintiffs.

55. That the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendant POLICE OFFICERS JOHN DOES # 1 and #2, and continued to employ them and allowed them to be in the public at large.

56. By reason of the foregoing, the Plaintiffs, demand judgment for negligence against the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, and defendant POLICE OFFICERS JOHN DOES # 1 and #2, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF NEW YORK AND CITY OF NEW YORK POLICE DEPARTMENT AND DEFENDANT POLICE OFFICERS JOHN DOES # 1 AND #2 FOR CIVIL RIGHTS VIOLATION-
42 USCA 1983**

57. The Plaintiffs repeat and reallege each and every allegation set forth above numbered "1" to "56" inclusive with the same force and effect as if more fully set forth at length herein.

58. The defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT and DEFENDANT POLICE OFFICERS JOHN DOES #1 and #2, acting under the color of law and within the scope of their authority, unlawfully arrested, assaulted and battered, and unlawfully imprisoned the Plaintiffs, in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

59. The defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT and DEFENDANT POLICE OFFICERS JOHN DOES #1 and #2, acting under color of law and within the scope of their authority, deprived the Plaintiffs, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

60. The defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT and DEFENDANT POLICE OFFICERS JOHN DOES #1 and #2, had deprived the Plaintiffs by their actions of his civil rights as guaranteed by statute.

61. That the unlawful arrest, assault and battery, and unlawful imprisonment were in violation of the civil rights of the Plaintiffs, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws, including the First

(1st), the Fourth (4th), and fourteenth (14th) Amendment to the United States Constitution.

62. That the deprivation by the defendants of Plaintiffs civil rights was a result of the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT and DEFENDANT POLICE OFFICERS JOHN DOES #1 and #2, acting under color of law and within their authority as law enforcement officers within the employ of the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT.

63. The defendants DEFENDANT POLICE OFFICERS JOHN DOES #1 and #2,, conspired with one another to deprive the Plaintiffs of their constitutional rights, including the rights to be free from the intentional use of unreasonable force; to be free from unreasonable search and seizure; unreasonable and excessive force.

64. That the actions of the defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, including, but not limited to defendants POLICE OFFICER JOHN DOES #1 and #2, were not privileged or immune.

65. That the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, including, but not limited to defendants POLICE OFFICER JOHN DOES #1 and #2, were not acting with immunity when they deprived the Plaintiffs of their civil rights.

66. By reason of the foregoing, the Plaintiffs, demand judgment for negligence against the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, and defendant POLICE OFFICERS JOHN DOES # 1 and #2, in a sum exceeding the jurisdictional limits of all the lower courts.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANTS CITY OF NEW YORK
AND CITY OF NEW YORK POLICE DEPARTMENT FOR
<u>UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY</u>**

67. The Plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "66" inclusive with the same force and effect as if more fully set forth at length herein.

68. The defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, its officers, agents, and employees utilized a policy that failed to adequately train, instruct, and supervise, coordinate or direct its police officers, and such policy was permitted and authorized without regard to the Constitutional rights of life, liberty, and due process of individuals, including the Plaintiffs.

69. Upon information and belief, the defendant CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT its officers, agents, and employees

condoned, permitted, encouraged, and/or ratified a policy, practice, and/or custom as to permit defendant, CITY OF NEW YORK POLICE DEPARTMENT, its agents and employees to violate the constitutional rights of the Plaintiffs.

70. The aforementioned acts constituted deliberate indifference.

71. As a result of the aforesaid, the Plaintiffs were caused to be subjected to the deprivation of rights, privileges, and/or immunities secured by the Constitution and laws of the State of New York and the United States and have been damaged thereby. The rights, privileges, and immunities deprived by CITY OF NEW YORK, included, but are not limited to: right to due process of law, right to equal protection under the law, right to liberty, and other rights guaranteed under the New York State and Federal Constitutions.

72. As a proximate result of the defendant CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT acts and the result violation of the Plaintiffs, the Plaintiffs, sustained pain and suffering, and severe emotional trauma, lost wages, and attorneys fees.

73. By reason of the foregoing, the Plaintiffs, demand judgment for negligence against the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, and defendant POLICE OFFICERS JOHN DOES # 1 and #2, in a sum exceeding the jurisdictional limits of all the lower courts.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS CITY OF NEW YORK AND CITY OF NEW YORK POLICE DEPARTMENT FOR <u>PUNITIVE DAMAGES</u>

74. The plaintiff repeats and realleges each and every allegation, set forth above numbered "1 through "73" inclusive with the same force and effect as if more fully set forth at length herein.

75. The actions of the defendants herein above alleged, were malicious, willful, and grossly negligent.

76. The defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, authorized, permitted, and ratified the unlawful and negligent acts of defendants POLICE OFFICER JOHN DOES # 1 and #2, its agents, servants, and/or employees, herein above alleged.

77. By reason of the foregoing, the Plaintiffs, demand judgment for negligence against the defendants, CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT, and defendant POLICE OFFICERS JOHN DOES # 1 and #2, in a sum exceeding the jurisdictional limits of all the lower courts.

**WHEREFORE**, Plaintiffs MICHELLE KIRTON and MISHARE KIRTON, for **NEGLIGENCE**, demand judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First Cause of Action**; Plaintiffs MICHELLE KIRTON and MISHARE KIRTON, for **NEGLIGENT HIRING AND RETENTION**, demand judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second Cause of Action**; Plaintiffs MICHELLE KIRTON and MISHARE KIRTON, for **CIVIL RIGHTS VIOLATION**, demand judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third Cause of Action**; Plaintiffs MICHELLE KIRTON and MISHARE KIRTON for **UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY**, demand judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth Cause of Action**; Plaintiffs MICHELLE KIRTON and MISHARE KIRTON for **PUNITIVE DAMAGES**, demand judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth Cause of Action**; together with attorneys' fees, and the costs and disbursements of this action.

Dated:   Maspeth, New York
         July 30, 2015

                                                    Yours, etc.

                                                    _____
                                                    DEVERAUX CANNICK, Esq.
                                                    Aiello & Cannick
                                                    69-06 Grand Avenue
                                                    Maspeth, New York 11378
                                                    (718) 426-0444

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK                )

                                            SS:

COUNTY OF WESTCHESTER      )

MICHELLE KIRTON, being duly sworn, deposes and says, that deponent is the PLAINTIFF in the within case; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true.

                                                                                 MICHELLE KIRTON

Sworn to before me this
14 day of August, 2015

_____
Notary Public

MAUREEN C. WEPPLER
Notary Public, State of New York
No. 01WE5038408
Qualified in Queens County
Commission Expires January 23, 2009

MISHARE KIRTON, being duly sworn, deposes and says, that deponent is the PLAINTIFF in the within case; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true.

                                                                                 MISHARE KIRTON

Sworn to before me this
17 day of Aug, 2015

_____
Notary Public

MAUREEN C. WEPPLER
Notary Public, State of New York
No. 01WE5038408
Qualified in Queens County
Commission Expires January 23, 2009